IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JIMMY BOLEWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11CV338-MHT |
| ) | |
| SL ALABAMA, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION**

Plaintiff Jimmy Boleware, proceeding *pro se*, commenced this action on May 4, 2011. The Clerk mailed the complaint and summons to the corporate defendant by certified mail and received a return receipt indicating that Lisa White signed for the certified mail on May 6, 2011. Assuming proper service, defendant's responsive pleading was due on Friday, May 27, 2011. See Fed. R. Civ. P. 12(a)(1)(A)(i).[1] On May 31, 2011 – the first business day after the responsive pleading was due – plaintiff filed both an application to the Clerk for entry of default and a motion for default judgment. On the following day, defendant filed a motion for extension of time to answer the complaint and an answer. In the motion for extension of time, defendant explains that it believed – due to communications between its attorney and the attorney who represented plaintiff in pre-lawsuit negotiations – that the dispute presented in the complaint had been resolved and, accordingly, that it did not inform its counsel when it received the summons and complaint. Defendant contends that it has meritorious defenses

---

[1] Defendant does not challenge sufficiency of the service.

to plaintiff's claims. (Doc. # 7). Plaintiff opposes the motion for extension of time to answer, disputing the factual basis for the motion, and arguing that defendant was served properly. (Doc. # 10).

Defendant's answer was filed – along with a motion for extension of time to answer – on June 1, 2011, the second business day following the date on which the responsive pleading was due. On June 8, 2011, the Clerk declined to enter default because defendant had filed an answer. The Federal Rules of Civil Procedure provide that the Clerk must enter default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "The entry of a default judgment is committed to the discretion of the district court." Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985)(citations omitted). "Because the entry of a default judgment is a drastic remedy, it is to be used sparingly and only in extreme conditions." Anderson v. Georgia State Pardons and Parole Bd., 165 Fed. Appx. 726, 728 (11th Cir. 2006)(citing Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002)).

Defendant's answer was filed only two days later than permitted by the Federal Rules of Civil Procedure. Defendant's motion for extension of time sets forth good cause for its failure to answer within the 21 days allowed by Rule 12 and, accordingly, the motion is due to be granted. Additionally, defendant's two-day delay in filing an answer – even if it were not sanctioned retroactively by the court's order granting the motion for extension of time to answer – does not constitute a "fail[ure] to plead or otherwise defend" as required to warrant default judgment. See Jarvis v. Lowndes County, Ga. Bd. of County Commissioners,

2009 WL 339802  (M.D. Ga. Jan 22, 2010)(one-day delay in filing answer "does not rise to the level of failure to plead" or failure to defend the case). Accordingly, plaintiff's motion for default  judgment (Doc. # 6) is due to be denied.

For the foregoing reasons, it is

ORDERED that defendant's motion for extension of time to answer (Doc. # 7) is GRANTED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's motion for default judgment (Doc. # 6) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before August 22, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. V. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE